ANNA P. PEREIRA
CORPORATION COUNSEL
920 Broad Street, Room 316
Newark, New Jersey 07102
Attorneys for City of Newark (improperly pled as "Newark Police Department")

By:  Avion M. Benjamin (AB-5629)
     Assistant Corporation Counsel
     (973) 733-3880

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

|  |  |
|---|---|
| JARRETT CHAMBERS, by his guardian ad litem, PAMELA MCKEON, | : CIVIL ACTION NO. 11-6994 (KSH) |
| Plaintiff(s), | : **ANSWER OF DEFENDANT** |
| v. | : **CITY OF NEWARK** |
| CITY OF NEWARK, CITY OF NEWARK POLICE DEPARTMENT, ABC CORP. 1 through 10, XYZ CORP. 1 through 10, JOHN DOES 1 through 10, and JACK DOES 1 through 10 individually and in their official capacity, | |
| Defendants. | |

---

|  |  |
|---|---|
| SINAI CHAMBERS, | : CIVIL ACTION NO. 11-6995(KSH) |
| Plaintiff | |
| v. | |
| CITY OF NEWARK, CITY OF NEWARK POLICE DEPARTMENT, ABC CORP. 1 Through 10, XYZ CORP. 1 through 10, JOHN DOES 1 through 10 Individually and in their Official capacity | |

Defendant, CITY OF NEWARK, by way of Answer to the above-captioned Complaints says:

## JURISDICTION

1.  This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

2.  This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

3.  This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

4.  This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

## PARTIES

5.  This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

6.  This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

7.  This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

8.  This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

9.  Admit.

10. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

11. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

12. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

**STATEMENT OF FACTS**

13. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

14. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

15. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

16. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

17. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to

3

his proofs.

### FIRST CAUSE OF ACTION
### 42 U.S.C. 1983
### DEPRIVATION OF CIVIL RIGHTS
### EXCESSIVE USE OF FORCE

18. This Defendant repeats and relies upon its Answers to the prior allegations of Plaintiff's Complaint as though it were set forth herein.

19. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

20. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

21. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

22. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

23. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

24. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

25. This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

26.  This Defendant lacks sufficient knowledge and information as
     to the allegations contained herein and Plaintiff is left to
     his proofs.

27.  Denied.

28.  Denied.

## SECOND CAUSE OF ACTION
### 42 U.S.C. 1983
### FAILURE TO IMPLEMENT
### APPROPRIATE POLICIES, CUSTOMS AND PRACTICES

29.  This Defendant repeats and relies upon its Answers to the
     prior allegations of Plaintiff's Complaint as though it were
     set forth herein.

30.  Denied.

31.  Denied.

32.  This Defendant lacks sufficient knowledge and information as
     to the allegations contained herein and Plaintiff is left to
     his proofs.

## THIRD CAUSE OF ACTION
### 42 U.S.C. 1983

33.  This Defendant repeats and relies upon its Answers to the prior allegations of Plaintiff's Complaint as though it were set forth herein.

34.  Denied.

35.  Denied.

36.  The allegations in this paragraph are not asserted against this Defendant.

37.  This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

38.  Denied.

39.  Denied.

40.  Denied.

41.  Denied.

42.  Denied.

43.  This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

## FOURTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. 1983
### SUPERVISORY LIABILITY RESPONDENT SUPERIOR

44.  This Defendant repeats and relies upon its Answers to the prior allegations of Plaintiff's Complaint as though it were set forth herein.

45.  Denied.

46.  Denied.

47.  This Defendant lacks sufficient knowledge and information as

6

to the allegations contained herein and leaves Plaintiff to his proofs.

### SIXTH CAUSE OF ACTION
### NEW JERSEY COMMON LAW
### ASSAULT & BATTERY

48.  This Defendant repeats and relies upon its Answers to the prior allegations of Plaintiff's Complaint as though it were set forth herein.

49.  The allegations contained in this paragraph are not asserted against this Defendant.

50.  Denied.

51.  Denied.

52.  This Defendant lacks sufficient knowledge and information as to the allegations contained herein and leaves Plaintiff to his proofs.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF NEW JERSEY STATE CONSTITUTION

53.  This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

54.  Denied.

55.  This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

56.  Denied.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. 1986

57.   This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

58.   This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

## EIGHTH CAUSE OF ACTION

### WRONGFUL DEATH

59.   This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

60.   This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

### ALLEGATIONS

61.   This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

62.   This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

63.   This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

64.   Denied.

65.   This Defendant lacks sufficient knowledge and information as

to the allegations contained herein and Plaintiff is left to his proofs.

66.   This Defendant lacks sufficient knowledge and information as to the allegations contained herein and Plaintiff is left to his proofs.

**WHEREFORE,** this Defendant respectfully demand that Plaintiff's entire Complaint be dismissed with Prejudice and seek costs to be assessed against the Plaintiff.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's claims are barred as a result of insufficient service of process.

### SECOND SEPARATE DEFENSE

Plaintiff's claims are barred as a result of insufficiency of process.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are barred for failure to state a cause of action against this defendant upon which relief may be granted.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred by applicable law, rule, statute or regulation, including but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following actual accrual, was not complied with by the claimant, and accordingly, the claimant's claims are barred as a matter of law.

### FIFTH SEPARATE DEFENSE

This Defendant is free of any and all negligence.

### SIXTH SEPARATE DEFENSE

Any injuries or damages allegedly sustained by Plaintiff were caused through the sole negligence of Plaintiff.

### SEVENTH SEPARATE DEFENSE

Any injuries or damages allegedly sustained by Plaintiff were

caused through the sole negligence of any co-defendants.

## EIGHTH SEPARATE DEFENSE

Any injuries or damages that may have been sustained by Plaintiff were caused through the sole negligence of third parties over whom these defendants had no control.

## NINTH SEPARATE DEFENSE

Any injuries or damages that may have been sustained by Plaintiff were the result of an unavoidable accident for which this defendant is not liable.

## TENTH SEPARATE DEFENSE

This defendant denies that it or anyone in its stead violated any duties or created any conditions that were the proximate cause of the damages allegedly sustained by the Plaintiff.

## ELEVENTH SEPARATE DEFENSE

This defendant affirmatively and specifically pleads each and every defense, limitation or immunity provided to these defendants under N.J.S.A. 59:1-1, et. seq., the New Jersey Tort Claims Act.

## TWELFTH SEPARATE DEFENSE

This defendant affirmatively and specifically pleads each and every defense, limitation or immunity provided to these defendants under N.J.S.A. 59:2-1, et. seq., particularly N.J.S.A. 59:2-3, 59:2-4, 59:2-5, 59:2-6, 59:3-2, 59:3-6 and 59:3-7.

## THIRTEENTH SEPARATE DEFENSE

This defendant affirmatively and specifically pleads each and

11

every defense, limitation or immunity provided to these defendants under N.J.S.A. 59:3-3, et seq.

## FOURTEENTH SEPARATE DEFENSE

This defendant affirmatively and specifically pleads each and every defense, limitation or immunity provided to these defendants under N.J.S.A. 59:4-1, et. seq., including but not limited to, immunity for injuries caused solely by the effect of weather conditions on the use of streets under N.J.S.A. 59:4-7.

## FIFTEENTH SEPARATE DEFENSE

This defendant affirmatively and specifically pleads each and every defense, limitation or immunity provided to these defendants under N.J.S.A. 59:8-1, et. seq., particularly 59:8-4, 59:8-6, and 59:8-8, including but not limited to, failure to substantially comply with the notice provisions of Title 59, failure to provide hospital and medical records, notes and bills, and failure to file a Notice of Claim within ninety days as required.

## SIXTEENTH SEPARATE DEFENSE

Any recovery to which plaintiff might otherwise be entitled is subject to reduction in accordance with the limitations on damages provided in N.J.S.A. 59:9-2, including but not limited to 59:9-2(d).

## SEVENTEENTH SEPARATE DEFENSE

Any liability which might otherwise be imposed upon these defendants must be reduced by the application of the Standard of

Comparative Negligence mandated by N.J.S.A. 59:9-4.

### EIGHTEENTH SEPARATE DEFENSE

The Plaintiff assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident.

### NINETEENTH SEPARATE DEFENSE

The Plaintiff's claims are barred under the doctrines of laches and unclean hands.

### TWENTIETH SEPARATE DEFENSE

The claims against this defendant are barred by the doctrine of res judicata and/or collateral estoppel.

### TWENTY-FIRST SEPARATE DEFENSE

Any and all of the damages alleged by Plaintiff was the result of an Act of God.

### TWENTY-SECOND SEPARATE DEFENSE

The Entire Controversy Doctrine bars the Plaintiff's claims against this defendant.

### TWENTY-THIRD SEPARATE DEFENSE

The Doctrine of Equitable Estoppel bars the Plaintiff's claims against this defendant.

### TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred because Plaintiff has not been deprived of any right, privilege or immunity created or recognized by the United State Constitution, New Jersey State Constitution, of any Act of Congress or New Jersey state law.

13

### TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred because the individual Defendants engaged in the good faith performance of their duties at all times relevant to the subject matter of the Complaint, and therefore, are entitled to immunity from liability under both State and Federal laws.

### TWENTY-SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred because these defendants did not deprive Plaintiff of due process under the law.

### TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred because this defendant is entitled to qualified, executive and/or good faith immunity.

### TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiff is not entitled to recover punitive damages.

### TWENTY-NINTH SEPARATE DEFENSE

This defendant reserves the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently obtained.

## ANSWER TO CROSSCLAIM(S)

In the event any crossclaims are filed against this defendant, this defendant answers by saying it denies the allegations of any and all crossclaims.

## CROSSCLAIM FOR CONTRIBUTION

This Defendant, without admitting any liability herein, asserts that, should liability be found against said this defendant, it is entitled to, and hereby claims contribution from the co-defendants named herein, (and from any other defendants that may be added from time to time by amended complaint), pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et. seq.; the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.; and the Tort Claims Act, N.J.S.A. 59:9-3 and 9-4.

## CROSSCLAIM FOR INDEMNIFICATION

This Defendant denies any and all liability as to the claims of the plaintiff as set forth in the Complaint and asserts that its negligence, if any, was passive, secondary, imputed and vicarious with the negligence of the co-defendant(s) named herein (and from any other defendants that may be added from time to time by amended complaint) being active and primary.

**WHEREFORE**, judgment is demanded against co-defendant(s) for indemnification, attorneys' fees and costs of suit.

15

## JURY DEMAND

    This defendant hereby demands a trial by jury as to all issues contained herein.

                     ANNA P. PEREIRA
                     CORPORATION COUNSEL

                     By:  /s/ Avion M. Benjamin
                           Avion M. Benjamin
                           Assistant Corporation Counsel

Dated: December 16, 2011

<u>CERTIFICATION OF FILING</u>

The undersigned certifies that the Answer to the Complaint on behalf of this defendant has been filed electronically.

ANNA P. PEREIRA
CORPORATION COUNSEL

By:  <u>/s/ Avion M. Benjamin</u>
     Avion M. Benjamin
     Assistant Corporation Counsel

Dated: December 16, 2011

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Jarrett Chambers/Sanai Chambers | City of Newark |

| **(b)** County of Residence of First Listed Plaintiff   Essex | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Nathaniel Davis, 60 Park Place, Suite 208, Newark, N.J. 07102 | Corporation Counsel - 920 Broad Street, Rm 316, Newark, N.J. 07102 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | | | Under Equal Access |
| | Employment | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | |

**PERSONAL INJURY**
☐ 362 Personal Injury – Med. Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983

Brief description of cause:
Civil rights violations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse  (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.        (a) Plaintiffs-Defendants.  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.      Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.            Example:            U.S. Civil Statute: <u>47 USC 553</u>
                                                                     Brief Description: <u>Unauthorized reception of cable service</u>

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.